IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**LEVI H., A MINOR, BY AND**
**THROUGH HIS PARENTS,**
**L.H. and S.H.,**

        **Plaintiffs,**

v.  No. _____

**THE LITTLE COUNTRY SCHOOLHOUSE, LLC**

        **Defendant.**

# COMPLAINT

**Comes now LEVI H., by and through his parents, L.H. and S.H.,** filing this Complaint and showing:

### I. PARTIES, JURISDICTION & VENUE

1. Plaintiff, LEVI H., is a minor child, born in 2015, who resides in Clarksville, Montgomery County, Tennessee, with his parents, L.H. and S.H.

2. Defendant, the Little Country School House LLC, is a place of public accommodation (a school) located in Montgomery County at 840 Highway 76, Clarksville, Tennessee 37043 having a registered agent, Deborah A. Respass, who can be served with process at 515 Pond Apple Road, Clarksville, Tennessee 37043.

3. This Court has jurisdiction under 28 U.S.C. 1331 and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA"). Title III of the ADA prevents discrimination based on a disability in places of public accommodation. 42 U.S.C. § 12182.

1

4. Venue is proper under 28 U.S.C. § 1391 because the acts complained of occurred in Clarksville, Tennessee within the jurisdictional boundaries of this Court.

## II. FACTS

5. The Little Country School House, LLC ("the School") is a private for-profit preschool and early childhood learning center for children ages six (6) weeks to twelve (12) years old. It is a place of public accommodation within the meaning of 42 U.S.C. § 12181(7).

6. Levi is currently a Kindergarten student at the School.

7. Levi has autism, a neurodevelopmental disorder generally marked by impaired social and communicative skills, engagement in repetitive activities, stereotyped movements, resistance to environmental change or change in daily routines, and unusual responses to sensory experiences." See 34 CFR § 300.8(c)(1)(i) (2016). Due to autism and developmental and sensory delays, Levi is substantially limited in concentration; sensory awareness; and recognition of bodily signals ("interoceptive awareness"). These limitations affect his attention and his toileting abilities, among other activities.

8. The School enrolled Levi as a two-year old in the summer of 2017. Although his autism was not diagnosed until three years later, August of 2020, the School was very much aware of Levi's substantial limitations in the areas of his concentration/attention and in toileting due to disability.

9. For a number of years, the School accommodated Levi's disability-related limitations and either assisted Levi in toileting and wiping, as it did with young, but non-disabled children, or provided him sanitary wipes ("Wet Wipes") with which to cleanse himself.

10. However, in the evening of Thursday, December 31, 2020, the School's Director notified Levi's parents that the toileting/wiping assistance—even the provision of Wet Wipes—

would not continue. The Director said, "we need him to return on Monday with independence in this area," because "[a]t his age full independence should be achieved in this area."

11. Obviously, such independence could not possibly be achieved over the weekend. Thus, Levi returned to school, still requiring the accommodations relating to his attention and toileting.

12. As this Kindergarten school-year wound down, on April 5, 2021, Levi's parents submitted their application to have Levi attend the School's Summer 2021 program, just as he had in past summers at the School.

13. But on April 14, 2021, the School's Director advised the parents, in writing, that Levi was "not a good fit" for the summer program, offering two reasons. The first reason was that Levi "still lacks total independence in the bathroom." Even Wet Wipes were rejected for Levi.

14. The second reason was that his "listening skills have not improved," that "he still needs to be told 3+ times to do something," and "his lack of listening will be a safety concern, in the pool and field trips for him and the other children in the group."

15. As referenced above, Levi's autism does cause him certain delays. As a result, while he is working to gain independence with toileting, he still does require assistance with wiping or access to sanitary wipes (Wet Wipes).

16. Additionally, his "listening skills" remain affected by autism, as he does tend to experience substantial difficulty with concentration, engage in repetitive activities, and focus on activities of interest. This requires some adult tolerance of repetition (even "3+ times"), use of visual cues, and some active movement and exercise such as opportunities to use his body in an kinesthetic manner, not unlike some younger, non-disabled children

17. Even though the School's reasons for rejecting Levi from the summer program were *disability-related*, and subject to an easy interactive process for a reasonable accommodation under the ADA, the School *refused* to interact. The Owner and Director even stated in her April 14, 2021 communication: "I realize you might want to call or come by to talk to me. It won't change my mind…."

18. Given the School's stance, Levi was denied and unable to complete enrollment for the summer program. Accordingly, the School has discriminated against Levi by denying him the same enjoyment and access to public accommodations—the summer program with its education, benefits, and services—that persons without his disability enjoy. Under the ADA, the School must reasonably *accommodate* Levi's special needs, not use them against him, in providing education, benefits and services. Unless corrected, this discrimination will reasonably occur in the future as Levi has additional years in which he is age-eligible to participate at the School.

### III. CAUSE OF ACTION

19. **Title III of the ADA.** Under the ADA,

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). For purposes of Section 12182(a), discrimination includes a failure to make reasonable modifications in policies, practices, or procedures. *Id.* § 12182(b)(2)(A)(ii).

20. Based upon the foregoing facts, the School has engaged in discrimination under Title III of the ADA by failing to engage in the interactive process, by refusing summer admission to Levi by virtue of his disability, and by refusing him reasonable accommodations/modifications.

21. Levi has at all relevant times been capable of attending the School with a

4

Case 3:21-cv-00365   Document 1   Filed 05/05/21   Page 4 of 6 PageID #: 4

reasonable modification (reasonable accommodation) of adult tolerance of repetition, opportunities for kinesthetic activities, and assistance as necessary with bathrooming and/or provision of sanitary wipes.

22. The Defendant has failed to reasonably modify its policies, practices or procedures to enable Levi to attend school, thereby discriminating against him by excluding him. Its discrimination is knowing and intentional.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. A Declaratory Judgment that Defendant was in violation of the specific requirements of Title III of the ADA described above;

b. Enjoying Defendant, its officers, agents, and employees from engaging in discrimination and from failing to comply with Title III of the ADA;

c. An Order directing Defendant to take all steps necessary to bring its place of public accommodation into full compliance with the requirements set forth in the ADA, along with appropriate training of school and personnel;

d. Payment of reasonable attorneys' fees and costs; and

e. The provision of whatever other relief that is just, equitable and appropriate.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
justin@schoolandworklaw.com

&

**THE SALONUS FIRM, PLC**

/s Jessica F. Salonus
JESSICA F. SALONUS (TN Bar No. 28158)
139 Stonebridge Boulevard
Jackson, TN 38305
Telephone: 731-300-0970
Facsimile: 731-256-5211
jsalonus@salonusfirm.com